IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICK T. HAUSMANN,<br><br>Defendants. | **8:24-CR-110**<br><br><br>**ORDER** |

This matter is before the Court on defendant Mick T. Hausmann's *pro se* Motion for Copies. Filing 42. The defendant seeks "a copy of [his] docket sheet" because he is "currently attempting to challenge [his] conviction." Filing 42 at 1. For the reasons below, the defendant's motion is untimely and is therefore denied without prejudice to reassertion.

Courts routinely treat prepetition requests for documents—including documents and exhibits that are already part of the record—under Rule 6 of the Rules Governing Section 2255 Proceedings, which governs discovery. *See United States v. Navarrete*, No. 8:16-CR-248, 2022 WL 16837042, at *1 (D. Neb. Nov. 9, 2022) (applying Rule 6 to a prepetition request for "all documents pertaining to the defendant's case, including trial transcripts" (cleaned up)); *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (applying Rule 6 to a prepetition request for "transcripts, indictments, search warrants, or other records"). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)); *see also Cuya*, 964 F.3d at 973 (providing that "discovery in habeas actions is <u>more limited</u> than in other civil cases"

1

(emphasis in original)). Consistent with the limited nature of discovery proceedings under 28 U.S.C. § 2255, this Court previously concluded that it "cannot order discovery in a habeas proceeding before the habeas petition has been filed." *Navarrete*, 2022 WL 16837042, at *1. Prior Eighth Circuit Court of Appeals rulings support this conclusion. *See United States v. Losing*, 601 F.2d 351, 351 (8th Cir. 1979) (per curiam) (affirming where "[t]he district court denied the motion [for 'pre-existing records'] for the reason that 'any request for a full transcript prior to the filing of a § 2255 complaint is premature'"); *United States v. Barnett*, 389 Fed Appx. 575, 575 (8th Cir. 2010) (unpublished per curiam) (finding "no basis for reversal" of "district court's order effectively denying [the defendant's] request for a copy of an exhibit used at his sentencing hearing . . . because it is undisputed that [the defendant] had not filed a section 2255 motion at the time he requested the exhibit"); *United States v. Herrera-Zaragosa*, 84 Fed. Appx. 728, 729 (8th Cir. 2004) (unpublished per curiam) (providing that a "petitioner is not entitled to transcript copies prior to filing a section 2255 motion"). The Eleventh Circuit Court of Appeals published a persuasive explanation for why a "prisoner is not entitled to file a motion for discovery -- of transcripts, indictments, search warrants, or other records -- before filing a § 2255 motion to vacate." *Cuya*, 964 F.3d at 972 (reasoning that "a prisoner simply contemplating the filing of a § 2255 motion has no ongoing case and is in a wholly 'prelitigation' posture").

Here, the defendant has not yet filed a petition for relief under 28 U.S.C. § 2255, which precludes the Court from ordering discovery related to such a petition. The Court will consider the merits of a motion seeking documents that is timely—that is, filed alongside or after a petition under 28 U.S.C. § 2255—under Rule 6 of the Rules Governing Section 2255 Proceedings, which requires "good cause" to order discovery. Accordingly,

IT IS ORDERED that the defendant's Motion for Copies, Filing 42, is denied as untimely without prejudice to reassertion.

Dated this 14th day of April, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge